STATE of Minnesota, Respondent,

v.

Sean Darrell DEMRY, Appellant.

No. C5–99–637.

Court of Appeals of Minnesota.

Feb. 1, 2000.

Review Denied March 28, 2000.

Mike Hatch, Attorney General, St. Paul, MN; and Amy Klobuchar, Hennepin County Attorney, Beverly J. Benson, Assistant County Attorney, Minneapolis, MN (for respondent).

John M. Stuart, State Public Defender, Marie L. Wolf, Assistant State Public Defender, Minneapolis, MN (for appellant).

Considered and decided by
SCHUMACHER, Presiding Judge,
CRIPPEN, Judge, and FOLEY, Judge.

## OPINION

DANIEL F. FOLEY,* Judge.

Appellant Sean Darrell Demry was stopped by a police officer for making an improper vehicle turn. Based on prior information from a confidential informant, the officer searched the undercarriage of the vehicle bumper and discovered cocaine. Appellant challenges the trial court's denial of his motion to suppress the cocaine as the fruit of an unconstitutional search. Because there was probable cause to search the bumper, we affirm.

## FACTS

The facts are undisputed.[1] On December 15, 1997, a police officer observed a maroon-colored vehicle travelling at a high rate of speed. The officer ran a license plate check and discovered that appellant, Sean Demry, owned the vehicle. Four to six weeks earlier an informant had told the officer that

> he had observed [appellant] driving a maroon car and that this vehicle was being used to transport large amounts of crack cocaine by [appellant]. The [informant] stated that the cocaine was in the bumper of the vehicle, but he did not have the license plate of the car. He stated the vehicle was maroon in color and was an older model.

The officer described the informant as "reliable" but did not identify the informant or elaborate further on the informant's basis of knowledge.

The officer observed the maroon car fail to signal a turn. The officer "took this opportunity to stop the vehicle and cite him for a traffic violation and gained information about the vehicle and its occupants."

When the officer approached the vehicle, he noticed that the passenger was not wearing a seatbelt. The officer determined that the passenger was someone who had been convicted of possession of narcotics and a stolen handgun. The officer requested identification from both occupants and returned to his squad car to call for backup and to run warrant checks. While waiting for backup, he observed the passenger repeatedly look over his shoulder at him. When backup arrived, the officer requested that both occupants exit the vehicle.

Both occupants were brought to the squad car, where they were searched for weapons. The officer walked back to the vehicle to look for weapons that might be in plain view. Finding no weapons, he looked at the rear of the car and observed that the bumper was molded to the car and had no obvious openings to store narcotics. The officer then bent down on his hands and knees and looked at the underside of the bumper, without touching anything, where he observed an object wrapped in white toilet paper perched in a groove on the underside of the bumper. Using his flashlight, the officer determined that the object was a baggie containing crack cocaine. Appellant and his passenger were then handcuffed and charged with possession of cocaine.

## ISSUE

Was there probable cause to search the bumper undercarriage where an informant

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

1. The suppression matter was submitted to the trial judge based upon the written police report. No witnesses testified in the suppression hearing.

identified the unique location of the transported narcotics and other details that are confirmed and supplemented during a lawful traffic stop?

## ANALYSIS

This court reviews de novo the trial court's "determination of reasonable suspicion as it relates to *Terry* stops and probable cause as it relates to warrantless searches." *In re Welfare of G.M.*, 560 N.W.2d 687, 690 (Minn.1997).

The trial court determined that the officer had probable cause to search the bumper during the traffic stop. Generally, searches conducted outside the warrant process are per se unreasonable. *Mincey v. Arizona*, 437 U.S. 385, 390, 98 S.Ct. 2408, 2412, 57 L.Ed.2d 290 (1978); *State v. Pike*, 551 N.W.2d 919, 921 (Minn. 1996). There is a well-established exception to the search warrant requirement for cases involving transportation of contraband in motor vehicles. *United States v. Ross*, 456 U.S. 798, 806–07, 102 S.Ct. 2157, 2163, 72 L.Ed.2d 572 (1982) ("Given the nature of an automobile in transit, * * * an immediate intrusion is necessary if policy officers are to secure the illicit substance."). Under this "motor vehicle exception," police may search an automobile without a warrant if they have "probable cause for believing that [the] vehicles are carrying contraband or illegal merchandise." *Id.* at 808, 102 S.Ct. at 2164. Even if the search is supported by probable cause, the scope of the search and any detention of the subjects must be reasonable. *State v. Munson*, 594 N.W.2d 128, 135–36 (Minn.1999); *see also Terry v. Ohio*, 392 U.S. 1, 19, 88 S.Ct. 1868, 1878, 20 L.Ed.2d 889 (1968) ("The scope of the search must be 'strictly tied to and justified by' the circumstances which rendered its initiation permissible.")

The necessary "probable cause" to search must be based on "objective facts that could justify the issuance of a warrant by a magistrate and not merely on the subjective good faith of the police officers." *Ross*, 456 U.S. at 808, 102 S.Ct. at 2164. Probable cause is "a practical, common sense decision whether, given all the circumstances set forth * * * there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). The determination is not made by examining "bits and pieces of a probable cause showing in isolation," but by considering the totality of the circumstances. *State v. Lieberg*, 553 N.W.2d 51, 55 (Minn.App. 1996) (citation omitted).

In this case, the officer relied on both the information from the informant and the observations made at the scene following the lawful traffic stop to support probable cause for a search limited to the bumper. *See State v. McCloskey*, 453 N.W.2d 700, 702–03 (Minn.1990) (under the "totality of the circumstances" test for probable cause to search, even an anonymous informant may be reliable, where some details from the informant had been independently corroborated by the officer).[2] In this case, the informant supplied appellant's name, the color and model description of the car, and the unique location of the narcotics. The officer first ran a license check on the maroon car that he observed and found it belonged to appellant. The officer then lawfully stopped the car for a traffic violation and determined that appellant was indeed driving the car. The officer also observed appellant in the company of a passenger who had been previously convicted of possession of cocaine. While waiting for backup, the officer observed the passenger exhibit nervous behavior by repeatedly looking over his shoulder. The officer's search was

---

**2.** For a comprehensive discussion on anonymous informants, independent corroboration of such anonymous tips, and the evolution of the "totality of the circumstances" test, *see People v. Levine*, 461 Mich. 172, 600 N.W.2d 622 (1999).

carefully limited to the bumper of the car. The officer made no effort to search other portions of the car, but limited the scope of his search to the unique location identified by the informant. Under the "totality of the circumstances" test, the sum total of this information supports probable cause for a search limited to the bumper.

Primarily relying on *State v. Ward,* 580 N.W.2d 67 (Minn.App.1998), appellant claims that the record contains no evidence to demonstrate that the informant was reliable. He also stated that the information was stale (four to six weeks old) and lacked concrete details, such as exactly when the cocaine would be transported in the bumper. In *Ward,* this court held that no probable cause existed to support issuance of a warrant to search a hotel room, where an informant stated he had obtained a small amount of marijuana from the room. 580 N.W.2d at 74. There was no other information on the reliability of the informant. Further, the searching officers confirmed no further details or even attempted to determine whether the room was still occupied by the same person who was present when the informant obtained the marijuana. *Id.* at 73–74. In contrast, here, the informant gave the name of the individual transporting drugs, a description of the vehicle, and the unique location of the drugs. During a lawful traffic stop, the search officer corroborated these details. Further, the search officer made independent observations at the scene, including the identity of the passenger (a convicted drug felon) and his nervous behavior, which further support probable cause for the search limited to the bumper.

Because we hold there was probable cause for the search, we do not address the plain view doctrine.

## DECISION

The trial court properly held that there was probable cause for a limited search of the bumper undercarriage, based on information from the informant, corroborated by the officer with independent observations at the scene.

**Affirmed.**